PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSA FERNANDEZ,<br><br>Defendant. | CASE NO. 1:22-CR-00310-JLT-SKO<br><br>AMENDED STIPULATION; FINDINGS AND ORDER |

This case is set for sentencing on November 25, 2024. The parties request to vacate the current sentencing, schedule a change of plea for Ms. Fernandez to enter an amended plea on January 21, 2025, and exclude time from November 25, 2024, until January 21,2025.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for sentencing on November 25, 2024. Dkt. 137.

2. The parties previously requested to delay sentencing due to new information learned during the week leading up to original sentencing date. It was essential for the parties to fully investigate the new information before proceeding to sentencing. Dkt. 123 and 136.

3. The parties are now discussing a revised plea offer for Ms. Fernandez based on the new information learned. The parties believe there is fair and just reason pursuant to Federal Rule of

Criminal Procedure 11(d)(2)(B) for Ms. Fernandez to withdraw her original plea entered on May 6, 2024 (Dkt 99) pursuant to a signed plea agreement (Dkt 92). Specifically, Ms. Fernandez wishes to withdraw her previous plea because new information came to light regarding the confidential source that Ms. Fernandez conducted controlled purchases with, resulting in the federal charges. This information tends to undermine the confidential source's credibility and reliability, although it was not known to federal agents at the time of the controlled purchases, and the conduct the source engaged in was after the controlled purchases. This information was not known to the Government or Ms. Fernandez during the original plea negotiations or when Ms. Fernandez entered her prior plea. Based on this, Ms. Fernandez wishes to withdraw her plea, and the Government does not oppose.

4. The parties are continuing to discuss the revised plea agreement, and the Government intends to present an amended plea offer to Ms. Fernandez by December 1, 2024.

5. Defense counsel will then require time to discuss the amended plea with Ms. Fernandez, calculate and assess the sentencing guidelines, conduct an independent investigation into the information learned, and prepare for sentencing.

   a) Counsel for the defendant believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   b) The government does not object to the continuance.

   c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 25, 2024 to January 21, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) , because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  November 19, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ ARIN C HEINZ<br>ARIN C HEINZ<br>Assistant United States Attorney |
| Dated:  November 19, 2024 | /s/ STEVEN CRAWFORD<br>STEVEN CRAWFORD<br>Counsel for Defendant<br>ROSA FERNANDEZ |

**FINDINGS AND ORDER**

The sentencing hearing scheduled for November 25, 2024 is CONTINUED to January 21, 2025. However, seemingly, counsel believe that the Court showed allow the defendant to withdraw her guilty plea—despite the content of the plea colloquy—on their mere say-so. The showing made in this stipulation is insufficient for the Court to do so. Thus, pending the next hearing date, the defendant may file a motion to withdraw her plea. The Court will expect that any such motion will be supported by relevant evidence and authorities. Assuming that the government will support the motion, the Court expects that it will provide a clear recitation of what facts were uncovered, when they were discovered and how they bear on whether the defendant should be allowed to withdraw her plea.

IT IS SO ORDERED.

Dated:  **November 19, 2024**           _/s/ Jennifer L. Thurston_
                                                          UNITED STATES DISTRICT JUDGE